UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| In the Matter of the Complaint<br><br>of<br><br>**HAYLEY MARITIME INC.**, as Owner of the F/V HAYLEY ANN (O.N. 922606), Her Engines, Machinery, Tackle, Apparel, Appurtenances, etc., for Exoneration From, or Limitation of, Liability, Civil and Maritime,<br><br>Plaintiff. | Civil Action:<br>IN ADMIRALTY |

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

NOW COMES the Plaintiff, Hayley Maritime Inc., ("Hayley Maritime" or "Plaintiff") by and through its undersigned attorneys, Holbrook & Murphy, and respectfully submits its complaint seeking exoneration from or limitation of liability, pursuant of 46 U.S.C § § 30501 [et seq.] and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. Hayley Maritime alleges, upon information and belief, the following:

1. This is a case of admiralty and maritime jurisdiction, as hereafter more fully appears, and is an admiralty and maritime claim within meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

2. Hayley Maritime is a corporation organized and existing under the laws of the State of Maine, with a principal place of business at 52 Arundel Woods Drive, Arundel, Maine 04046.

3. At all times relevant hereto, the Plaintiff was the owner of the F/V HAYLEY ANN, her engines, machinery, tackle, apparel, appurtenances, etc. (the "Vessel").

4. On or about January 23, 2020, the Vessel was on a ground fishing voyage approximately forty-seven (47) nautical miles southeast of Cape Elizabeth, Maine. The Vessel, at the commencement of her voyage, was tight, strong, fully manned, equipped, and supplied and in all respects seaworthy and fit for the service in which she was engaged.

5. On or about January 23, 2020, at 11:49 a.m., the Vessel's last Vessel Monitor System (VMS) transmission was broadcasted.

6. On or about January 23, 2020, at 12:22 p.m., the United States Coast Guard Rescue Coordination Center in Boston, Massachusetts received an emergency alert from the Vessel. The emergency alert originated approximately forty-seven (47) nautical miles southeast of Cape Elizabeth, Maine.

7. On or about January 23, 2020, the United States Coast Guard dispatched a fixed wing HC-144 aircraft, two (2) MH-60 helicopters, the Cutter STEELHEAD, and a forty-seven (47) foot motor lifeboat crew to the distress signal location.

8. On or about January 23, 2020, at 1:24 p.m., the United States Coast Guard HC-144 Aircraft located the Vessel, partially submerged, with a deployed life-raft tethered to the Vessel, and two (2) individuals approximately 1300 feet from the Vessel.

9. On or about January 23, 2020, at 1:53 p.m., the United States Coast Guard rescue helicopter, CG-6034, arrived on scene.

10. On or about January 23, 2020, at 2:01 p.m., the United States Coast Guard rescue helicopter, CG-6034, deployed a rescue swimmer.

11. On or about January 23, 2020, based on the aircrew's assessment of the scene, the United States Coast Guard concluded both individuals were deceased.

12. On or about January 23, 2020, at 3:17 p.m., both individuals next of kin were notified.

13. On or about January 23, 2020, at 3:40 p.m., the F/V ELLA CHRISTIN recovered the two (2) individuals.

14. On or about January 24, 2020, at 12:03 a.m., the F/V ELLA CHRISTIN arrived at the United States Coast Guard moorings in Portland, Maine.

15. On or about January 24, 2020, at 12:19 am, Bibber Memorial Chapel Funeral Home took custody of the two (2) individuals recovered by the F/V ELLA CHRISTIN.

16. On or about January 24, 2020, a United States Coast Guard HC-144 Aircraft flew over the area where it previously located the partially submerged Vessel and was unable to relocate the Vessel or any debris.

17. The aforesaid event and resulting loss, damage, and injury was not caused by or contributed to by any negligence or fault on the part of the Plaintiff or of those whom the Plaintiff is responsible, and Plaintiff denies any such loss, damage, injury, or destruction was done, occasioned by, or occurred with any privity or knowledge of the Plaintiff.

18. No suits, to the Plaintiff's knowledge, have to date been brought for loss or damage resulting from the aforesaid casualty. The Plaintiff fears that libels, suits, or claims may be filed, begun, or asserted against the Vessel or the Plaintiff or either of them on behalf of persons for alleged damages sustained as a result of said casualty.

19. The Vessel is a total loss and no salvage was recovered. There were no freights pending at the time of the casualty.

20. This Complaint is filed within six (6) months after the loss of the Vessel and thus within six (6) months of receipt of any claim, pursuant to Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture of the Federal Rules of Civil Procedure.

21. The Plaintiff claims exoneration from liability for any and all losses, damages, or injuries sustained during the casualty aforesaid and from any and all claims for damages that have been or may hereafter be made, and the Plaintiff alleges that it has valid defenses thereto on the facts and the law.

22. The Plaintiff further claims the benefits of limitation of liability provided by 46 U.S.C. §§ 30501 [et seq.], Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture of the Federal Rules of Civil Procedure and the various statutes supplementary thereto and amendatory thereof.

23. The Plaintiff further claims the benefit of an injunction under Rule F(3) of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, enjoining the further prosecution or commencement of any action or proceeding against the Plaintiff, its Vessel, agents, or property with respect to any claim subject to exoneration or limitation in this action.

24. Venue is proper in this district pursuant to Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture of the Federal Rules of Civil Procedure; the Vessel has not been attached, or arrested, the owner has not yet been sued and upon information and belief, what remains of the Vessel is within this geographical district of this United States District Court for the District of Maine.

**WHEREFORE**, the Plaintiff, Hayley Maritime Inc. prays:

a) That this Honorable Court issue an Order, as provided in Rule F(1) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, approving the Plaintiff's Appraiser's Report, as filed with this Honorable Court;

b) That this Honorable Court approve Plaintiff, Hayley Maritime Inc.'s Stipulation for Costs of $250.00 as sufficient security for costs;

c) That this Honorable Court issue an Order enjoining further prosecution of any and all actions, suits, or proceedings already commenced as well as the commencement or prosecution of any and all future actions, suits, or proceedings, of any nature or description whatsoever in any jurisdiction, against the Plaintiff, Hayley Maritime Inc., the F/V HAYLEY ANN, the agents, representatives, employees or insurers of the Plaintiff, Hayley Maritime Inc., and/or against any property of Plaintiff, Hayley Maritime Inc., except in this action, to recover damages for or with respect to injury, death, casualty, loss and damages caused, done, occasioned, or incurred on the voyage described in this Complaint;

d) That this Honorable Court in this proceeding adjudge that Plaintiff, Hayley Maritime Inc., is not liable and is exonerated with respect to any and all injury, loss, damage, or destruction caused by or resulting from the casualty, or with respect to injury, death, loss, and damage done, occasioned, or incurred on the voyage described in the Complaint, and that, in the alternative, if the Plaintiff, Hayley Maritime Inc., shall be adjudged liable, that such liability be limited to the amount or value of the Plaintiff, Hayley Maritime Inc.'s interest in the F/V HAYLEY ANN at the end of the voyage described in the Complaint and the Appraiser's Report, and that the Plaintiff, Hayley Maritime Inc., be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, be divided pro rata according to the above mentioned statutes among such claimants in accordance with the provisions of the Order hereinabove prayed for,

saving to each any priority to which he or she may be legally entitled, and that a decree may be entered, discharging the Plaintiff, Hayley Maritime Inc., and the F/V HAYLEY ANN from all further liability; and,

e) That the Plaintiff, Hayley Maritime Inc., may have such other or further relief as the justice of the cause may require.

Respectfully submitted,
The Plaintiff, Hayley Maritime Inc.,
By its attorneys,


*/s/ Samuel P. Blatchley*
Samuel P. Blatchley
Maine Bar No. 005906
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA  02110
(617) 428-1151
sblatchley@holbrookmurphy.com

## Certificate of Service

I hereby certify that on March 24, 2020, I electronically filed the within document with the Clerk of the Court by emailing the Complaint, and related documents, to newcases.portland@med.uscourts.gov.

*/s/ Samuel P. Blatchley*
Samuel P. Blatchley
Maine Bar No. 005906
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA  02110
(617) 428-1151
sblatchley@holbrookmurphy.com
