UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CIVIL ACTION NO. 20-cv-0111

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF | ) |
| HAYLEY MARITIME INC., as Owner of the | ) |
| F/V HAYLEY ANN (O.N. 922606), Her Engines, | ) |
| Machinery, Tackle, Apparel, Appurtenances, etc. | ) |
| for exoneration from or Limitation of Liability, | ) |

## CLAIM OF JESSICA PINKHAM AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHRISTOPHER PINKHAM

Now comes the Claimant, Jessica Pinkham, as Personal Representative of the Estate of Christopher Pinkham, and states the following:

This Claim is being made under protest and without prejudice to the Claimant's contention that Petitioner's Limitation and Exoneration Petition is improper because this court lacks jurisdiction since Petitioner failed to comply with the requirements of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, Local Rules of Civil Procedure for the United States District Court District of Maine and that the conditions causing the serious personal injuries sustained by Jessica Pinkham, as Personal Representative of the Estate of Christopher Pinkham were within the privity and knowledge of the Petitioner. Based on the foregoing, said Petition for Exoneration from and/or Limitation of Liability should be dismissed.

## GENERAL FACTUAL ALLEGATIONS

1. The Claimant, Jessica Pinkham, as Personal Representative of the Estate of Christopher Pinkham, is a resident of Boothbay, Maine.

2. The Petitioner, Hayley Maritime Inc., is a corporation with a principal place of business in Arundel, Maine.

1

3. On or about January 23, 2020, the Decedent was working as a Jones Act Seaman on board the Petitioner's vessel, the F/V HALEY ANN.

4. On or about January 23, 2020, the F/V HALEY ANN was unseaworthy and caused to sink. By the time the Coast Guard arrived on scene, Mr. Pinkham was deceased.

## JURISDICTION

5. This claim is made pursuant to 28 U.S.C. § 1333, 46 U.S.C. 30104 .and 46 U.S.C. § 30302 (Death on the High Seas Act.) The Claimant also seeks relief under General Maritime Law.

## COUNT I
## JONES ACT NEGLIGENCE
(Negligence)

6. The Claimant, Jessica Pinkham, as Personal Representative of the Estate of Christopher Pinkham, reiterates the allegations set forth in paragraph 1 through 5 above.

7.  At all times material hereto, the Petitioner owed a duty to Jessica Pinkham, as Personal Representative of the Estate of Christopher Pinkham to exercise reasonable care under the circumstances for the decedent's safety.

8. The personal injuries and death alleged were not caused by any fault on the decedent's part, but because the Petitioner breached its duty of care to the decedent and was caused by the negligence of the Petitioners, Hayley Maritime, Inc., their agents, servants and/or employees with respect to the ownership, operation, and control of the F/V HAYLEY ANN.

9. The personal injuries and death alleged were not caused by any fault on the decedent's part but were caused solely by the negligence of the Petitioners, their agents, servants and/or employees.

10. As a result of said negligence, the Claimant has suffered damages which will be shown at trial.

## COUNT II
## GENERAL MARITIME LAW
(Unseaworthiness)

11. Paragraphs 1-10 are realleged and incorporated herein.

12. The injuries and/or death sustained by the decedent were caused by the unseaworthiness of the defendant's vessel, its appliances, appurtenances and equipment.

13. As a result of the said injuries and/or death, claimant has suffered great pain of body and anguish of mind and has suffered and will continue to suffer other damages as will be shown at trial.

14. This cause of action is brought under the General Maritime Law based upon unseaworthiness and is for the same cause of action as Count I.

## REQUEST FOR RELIEF

a) Under Count II, that this court enters judgment in favor of the claimant against the petitioner.

b) For such other relief as this court deems appropriate.

## COUNT III
## GENERAL MARITIME LAW
(Maintenance and Cure)

15. Paragraphs 1-14 are realleged and incorporated herein.

16. As a result of his injuries, the Claimant has incurred expenses for maintenance and cure and will continue to do so all to her damage.

## REQUEST FOR RELIEF

a) Under Count III, that this court enter judgment in favor of the claimant against the petitioner.

    b)    For such other relief as this court deems appropriate.

## COUNT IV
(Death of the High Seas Act)

17. Paragraphs 1-16 are realleged and incorporated herein.

18. Decedent was on board the F/V HALEY ANN which was more than three nautical miles from the Coast of Maine at the time of his demise.

19. The negligence of the owner and person in control caused the death of Christopher Pinkham.

20. As a result of the death of Christopher Pinkham, the claimant maintains an action against the petitioner under the Death of the High Seas Act.

### REQUEST FOR RELIEF

    a)    Under Count IV, that this court enter judgment in favor of the claimant against the petitioner.

    b)    For such other relief as this court deems appropriate.

WHEREFORE, the Claimant demands judgment against the Petitioners, Hayley Maritime, Inc., in an amount to be determined by a jury together with interest and costs.

**CLAIMANT DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED HEREIN**

Respectfully submitted,
For the Respondent,
By Her Attorney,

 _/s/ Patrick J. Mellor_
Patrick J. Mellor, Bar #
Strout & Payson, P.A.
10 Masonic Street
P.O. Box 248
Rockland, Maine 04841
Phone: 207.594.8400

> I certify that a true copy of the above document was served upon each attorney of record by ECF on
>
>  /s/ Patrick Mellor

Anticipated Pro Hac Vice,

/s/ Brian Keane_____
Brian Keane, B.B.O. No. 656717
Keane Law Group, P.C.
110 K Street, Suite 330
Boston, MA 02127
(617) 313-2900
bkeane@keanelawgroup.com